Case: 3:06-cv-00657-bbc Document #: 29 Filed: 02/09/07 Page 1 of 3

Document Number  Case Number
0291              06-C-0657-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
02/09/2007 01:44:44 PM CST

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM J. COLLINS,

                Plaintiff,

v.

OFFICER HECTOR AGUIRRE, *et al.*

                Defendants.

ORDER

06-C-657-C

---

      Plaintiff has filed a lawsuit against defendant Fitchburg police officers, the City of Fitchburg and Dane County alleging violations of his civil rights. On February 2, 2007, the defendants filed motions for summary judgment, dkts. 10 and 14, and all of the Fitchburg defendants filed a motion to stay discovery until their claims of qualified immunity were resolved. *See* dkt. 24. Plaintiff opposes a stay, arguing that he is entitled at least to discovery on the factual issues that defendants have put into play in their summary judgment motions. *See* dkt. 26.

      Government officials asserting a defense of qualified immunity generally are entitled to a discovery stay until the immunity issue is resolved. *See Delgado v. Jones*, 282 F.3d 511, 515-16 (7th Cir. 2002). If a defendant claiming qualified immunity seeks judgment on the pleadings, then discovery probably is not needed at all, *see id*. at 515 n.1. If, however, qualified immunity is to be determined in the context of summary judgment, then matters outside the pleadings may be considered. *Id.* In that case, discovery must be allowed on

issues that a defendant puts into play in his summary judgment motion. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 & 1520 n.17 (7th Cir. 1990); *cf. Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 353 (7th Cir. 2005)(where district court's denial of claim of qualified immunity is based on finding that material facts are disputed, then the order is not an appealable final decision); *Anderer v. Jones*, 385 F.3d 1043, 1048 n.5 (7th Cir. 2004)(appellate court does not reach question whether district court abused discretion by staying discovery pending resolution of summary judgment motion because the requested information was obtained by police after the challenged arrest and could not have affected probable cause determination).

In this case, the Fitchburg defendants have offered 132 proposed findings of fact in support of their motion for summary judgment, *see* dkt. 16, supported by seven affidavits, *see* dkts. 17-23. Essentially, they have provided their version of what happened; by virtue of their request for a discovery stay, they are asking the court to accept these proposed facts as undisputed. The defendants cannot have it both ways. If they would like a judgment on the pleadings, then they may have a complete discovery stay. But if the defendants would like the court to find facts in a Rule 56 determination, then they must submit to discovery on the material facts that they are proposing the court accept as undisputed. Discovery of matters beyond these proposed facts would not be allowed, but under the circumstances, it is hard to envisage any topics that would be off limits. So, although I am granting in part and denying in part the motion to stay, for all practical purposes I am denying the motion.

ORDER

For the reasons and in the manner stated above, defendants' motion to stay discovery is GRANTED IN PART and DENIED IN PART.

Entered this 8th day of February, 2007.

> BY THE COURT:
>
> /s/
>
> STEPHEN L. CROCKER
> Magistrate Judge